**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**MICHAEL E. BROWN,**

**Plaintiff,**

**v.** **Case No. 3:24-cv-00156**

**W.V. 6TH CIRCUIT JUDGE PAUL T. FARRELL; W.V. SUPREME COURT JUSTICES, TIM ARMSTEAD, ELIZABETH D. WALKER, JOHN H. HUTCHINSON, WILLIAM R. WOOTEN, C. HALEY BUNN,**

**Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On March 26, 2024, Plaintiff filed a *pro se* pleading against the defendants under 5 U.S.C. § 702. (ECF No. 2; ECF No. 2-8). Currently pending are Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and an initial screening of the complaint under 28 U.S.C. § 1915. This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly reviewed the pleading, the undersigned **FINDS** that Plaintiff fails to state a claim upon which relief may be granted. Therefore, the undersigned **DENIES** Plaintiff's application to proceed *in forma pauperis*, as moot, and **RECOMMENDS** that the presiding District Judge **DISMISS** this case and **REMOVE** it from the docket of the

Court.

## I.     Factual and Procedural History

On March 4, 1999, Plaintiff Michael E. Brown ("Brown") was convicted by a jury sitting in the Circuit Court of Cabell County, West Virginia ("trial court") on two counts of first degree murder. *Brown v. Ballard,* No. 3:15-cv-01197, 2016 WL 11483867, at *1 (S.D.W. Va. Jan. 13, 2016). He was sentenced to two consecutive life sentences with mercy. *Id.* Brown appealed, and the case was remanded by the Supreme Court of Appeals of West Virginia ("WVSC") for a new sentencing hearing. *Id.* On July 10, 2001, the trial court imposed the same sentences. *Id.*

Brown filed a petition for a writ of habeas corpus in the trial court on May 2, 2002, raising nine grounds for relief. *Id.,* at *2. He subsequently amended the petition twice, adding eight new grounds for relief. *Id.,* at *2-*3. The trial court held a limited omnibus hearing on March 17, 2010, addressing only one ground for relief, and the trial court denied the petition by written order entered on April 12, 2010. *Id.,* at *4. Brown filed a Motion for Reconsideration and, eight months later, the trial court conducted another omnibus hearing, this time addressing all of the grounds for relief raised by Brown. *Id.* On January 7, 2011, the trial court granted the petition, and Respondent appealed. *Id.* The WVSC reversed the trial court and remanded the matter with instructions to resolve two outstanding issues. *Id.*

In October 2012, Brown filed a Motion for New Trial, which was denied by the trial court. *Brown,* 2016 WL 11483867, at *5. By separate order entered on January 9, 2014, the trial court likewise denied relief to Brown on the two habeas issues identified by the WVSC. *Id.* Brown appealed both the order denying the Motion for New Trial and the order denying habeas relief. By Memorandum Decision dated November 21, 2014, the WVSC

affirmed the trial court's orders. *Brown,* 2016 WL 11483867, at *5.

On January 28, 2015, Brown filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Id.* Brown raised four grounds for relief, including violations of his right to due process by both the trial court and the WVSC. *Id.* On March 31, 2016, this Court granted Respondent's motion for summary judgment and dismissed the habeas petition. *Brown v. Ballard,* No. 3:15-cv-01197, 2016 WL 1267172 (S.D.W. Va. Mar. 31, 2016). Brown filed a Motion for Reconsideration, which this Court granted, in part, and denied, in part; of relevance, this Court denied the petition for habeas relief and dismissed the case. *Id.* Brown appealed the judgment to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), which dismissed the appeal as untimely on December 8, 2017. *Brown v. Ballard,* 705 Fed. Appx. 201 (4th Cir. 2017).

On November 27, 2017, Brown filed another habeas petition in the trial court, primarily attacking the competence of his prior habeas counsel, but also including grounds for relief related to his criminal trial. *See Brown v. Ames,* No. 21-0084, 2022 WL 1693755 (W. Va. May 26, 2022). An omnibus hearing was held on December 1, 2020, and the trial court denied the petition on January 6, 2021. *Id.,* at *2-*3. Brown appealed the judgment to the WVSC, which affirmed the trial court's ruling on May 26, 2022. *Id.,* at *7. The WVSC explicitly narrowed the scope of Brown's claims, finding that his prior habeas proceeding was *res judicata* as to all matters raised and those that should have been known. *Id.,* at *4.

Not one to be deterred, Brown initiated a third proceeding in the trial court in July 2022, seeking a writ of habeas corpus. (ECF No. 2-3). He included many of the same, similar, or related grounds that he had asserted in his prior filings. (*Id.*). The trial court denied Brown's petition on September 26, 2022, noting that most of Brown's allegations

"have been specifically considered and ruled upon in prior habeas proceedings." (ECF No. 2-4 at 3). The trial court pointed out that a prisoner ordinarily is entitled to only one postconviction habeas corpus proceeding; a prior omnibus habeas corpus hearing was *res judicata* as to all matters raised and known, or with reasonable diligence could have been known, apart from a few exceptions. (*Id.*) The trial court determined that Brown had either raised or waived the grounds set forth in the petition and had not stated any grounds for relief that fell within one of the few exceptions. (*Id.* at 3-4). Brown appealed the trial court's ruling to the WVSC, which affirmed the judgment on January 25, 2024. *Brown v. Straughn,* No. 22-899, 2024 WL 313787 (W. Va. Jan. 25, 2024). The WVSC agreed with the trial court that Brown had either raised or waived the claims in his petition, and they were barred by the doctrine of *res judicata*. The WVSC addressed a claim by Brown that the trial court erred when it denied habeas relief without entering specific findings of fact and conclusions of law, concluding that "the circuit court was not obligated to undertake such a futile effort for issues that have already been fully ruled upon." *Id.,* at *2.

Brown initiated the instant action with a pleading entitled "5 USCS 702 Right of Review." (ECF No. 2). Brown sues Judge Paul Farrell, who ruled on Brown's motion for a new trial and third habeas petition, and all of the WVSC justices who upheld Judge Farrell's denial and dismissal of the new trial motion and third habeas petition. Brown seeks declaratory judgment under 28 U.S.C. §§ 2201, 2202, as well as unspecified injunctive and other indeterminate relief. He alleges that his rights to equal protection and due process under the Fifth and Fourteenth Amendments to the United States Constitution were violated when Judge Farrell ruled that "newly discovered evidence presented was only for impeachment and carried no probative value." (*Id.* at 2). The newly

discovered evidence was a 2011 deposition of an individual who testified that the prosecution's "star witness" admitted on several occasions that he—not Brown—had murdered the victims in Brown's criminal case. Brown also asserts that Judge Farrell wrongfully described the deposition as "Brady material" when it was actually evidence submitted pursuant to *Giglio v. United States*, 465 U.S. 150 (1972). (ECF No. 2 at 2). Brown further claims that Judge Farrell and all of the WVSC justices violated his right to equal protection and due process by denying his habeas corpus petition and erroneously deciding that *res judicata* barred his claims. (*Id.* at 2-3). Finally, Brown argues that the defendants violated West Virginia statutory law by not issuing orders that contained findings of fact and conclusions of law. (*Id.*).

## II. Standard of Review

Pursuant to the provisions of 28 U.S.C. § 1915, the Court must screen each case in which a prisoner seeks to proceed *in forma pauperis* (without prepayment of fees and costs). Further, pursuant to 28 U.S.C. § 1915A, the Court must screen each case in which "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *Anders v. California*, 386 U.S. 738, 744 (1967); *Denton v. Hernandez,* 504 U.S. 25 (1992), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Likewise, a complaint fails to state a compensable claim and should be dismissed when viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the

complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

This Court is required to liberally construe *pro se* pleadings, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the pleading must state sufficient factual allegations to support a valid legal cause of action. The Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. <u>Discussion</u>

Federal district courts are courts of limited jurisdiction. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005). "They possess only the jurisdiction authorized them by the United States Constitution and by federal statute." *United States ex rel. Voyyuru v. Jadhav,* 555 F.3d 337, 347 (4th Cir. 2009) (citing *Bowles v. Russell,* 551 U.S. 205 (2007)). "Federal courts have an independent duty to confirm their own jurisdiction." *Shaiban v. Jaddou*, ___ F.4th ___, 2024 WL 1422735, at *2 (4th Cir. Apr. 3, 2024) (citing *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 187 (4th Cir. 2019)). "Subject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court *sua sponte,* at any time prior to final judgment." *In re Kirkland,* 600 F.3d 310, 314 (4th Cir. 2010).

Brown seeks relief under 5 U.S.C. § 702, which is part of the Administrative Procedures Act ("APA"). The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review." 5 U.S.C. § 702. The term "agency" is defined by statute as "each authority of the Government of the United States." *Id.* at § 701(b)(1). The APA does not authorize suits against state actors, even in their official capacity, or against private individuals. *Id.* at §§ 701, 702; *see, e.g., Ndiaye v. Baker*, No. PWG-13-1701, 2014 WL 4457228, at *3 (D. Md. Sept. 9, 2014) ("[T]he APA does not provide a cause of action against state actors.") (quoting *S.C. Wildlife Fed. v. Limehouse,* 549 F.3d 324, 330 (4th Cir. 2008) (internal markings omitted); *Mwabira-Simera v. Howard Univ.*, 692 F. Supp. 2d 65, 70 (D.D.C. 2010) ("The APA applies only to agencies of the federal government.").

In this case, Brown claims that the defendants violated his constitutional rights by erroneously deciding his postconviction motion and petition. His allegations clearly fail to state a cognizable claim under the APA. Brown does not challenge any federal agency action and the individual defendants named in this lawsuit are not subject to suit under the APA, as they are not a federal agency or even federal employees. *See Ealy v. United States*, 120 Fed. Cl. 801, 805 (2015) ("[T]he APA may not be used to review the actions of federal judges or state entities."); *Serotte, Reich & Wilson, LLP v. Montante*, No. 05-CV-284S, 2009 WL 3055294, at *6 (W.D.N.Y. Sept. 21, 2009) (holding that "proper defendants in an APA action are 'the United States, the agency by its official title, or the appropriate officer' [...] Consequently, the APA claim against Judge Montante must be dismissed for lack of jurisdiction.") (citing 5 U.S.C. §§ 703, 704); *U.S. v McNeal*, 221 F.3d 1336 (6th Cir. 2000) ("[W]e find that the defense attorneys are exempt from suit under

the APA as McNeal did not allege that they were employed by any federal agency."); *Griffith v. Bell-Whitley Cmty. Action Agency*, 614 F.2d 1102, 1106 (6th Cir. 1980) (finding that district court had no subject matter jurisdiction to hear claims against community action agency because it was not a federal agency and its employees were not federal employees.); *Mwabira-Simera*, 692 F. Supp. 2d at 70 ("Neither the University, which is a private educational institution, nor any of the individual defendants are subject to suit under the APA […] The APA applies only to agencies of the federal government."); *and Hanson v. Wyatt*, 552 F.3d 1148, 1156 (10th Cir. 2008) ("A suit against Maj. Gen. Wyatt in his state capacity, however, cannot be brought under the APA" because "Maj. Gen. Wyatt, acting in his state capacity, is not an 'authority of the Government of the United States,' […] and hence not an agency subject to suit under the APA."). Therefore, the undersigned **FINDS** that this Court lacks subject matter jurisdiction to consider Brown's claims under 5 U.S.C. § 702, and Brown fails to state a claim under the federal APA for which relief may be granted.

Brown also attempts to bring this case under 28 U.S.C. § 2201, *et seq.,* the Declaratory Judgment Act of 1934. "[T]he declaratory judgment statute is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Green v. Mansour,* 474 U.S. 64, 72 (1985).(citation and internal quotation marks omitted). "[D]istrict courts have great latitude in determining whether to assert jurisdiction over declaratory judgment actions." *Andrews v. Paxson*, No. 3:11-cv-518, 2012 WL 526290, at *3 (E.D. Va. Feb. 16, 2012), *aff'd*, 478 F. App'x 781 (4th Cir. 2012) (quoting *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998)). The Fourth Circuit has held that "a federal court may properly exercise jurisdiction in a declaratory judgment proceeding when three essentials are met: (1) the complaint alleges

an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment; (2) the court possesses an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction." *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.,* 386 F.3d 581, 592 (4th Cir. 2004). As such, the Declaratory Judgment Act "only allows a federal court to 'declare the rights and other legal relations of any interest[ed] party seeking such declaration' in any case that is already 'within its jurisdiction' … it does not provide a separate basis for jurisdiction.'" *Pini v. Workers Comp. of Virginia*, No. 117CV1478LMBMSN, 2017 WL 11488628, at *1, n. 1 (E.D. Va. Dec. 29, 2017) (quoting 28 U.S.C. § 2201). When deciding whether to entertain a request for a declaratory judgment, the court should additionally consider the principles of "federalism, efficiency, and comity." *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.,* 139 F.3d 419, 422 (4th Cir. 1998).

Here, the undersigned **FINDS** that entertaining a request for declaratory judgment is not appropriate given that Brown has no independent basis for jurisdiction. Moreover, Brown is attempting to circumvent the normal channel of appeals, which implicates the principles of federalism and comity. Although Brown couches his claims as independent violations of the constitution, he very clearly is attacking the judgments of the state courts, which is not a proper matter for declaratory judgment. *See Mathis v. Martin,* AW–13–02597, 2013 WL 5609134, at *4 (D. Md. Oct. 11, 2013) (holding that a declaratory judgment is generally unavailable when "the litigant is using the federal action to relitigate the state court judge's rulings. In this vein, the United States Supreme Court has generally held that federal district courts lack jurisdiction over challenges to state court decisions in particular cases arising out of judicial proceedings even if those

challenges allege that the state court's action was unconstitutional.") (citation and marking omitted). The "proper method of challenging rulings or actions by the state court is ... by appeal within the state system, and ultimately by petition to the United States Supreme Court." *Id.* (quoting *Shrader v. State Sup.Ct. for W. Va. Through Each of the Five Justices,* 811 F .2d 1505 at *1 (4th Cir. Feb. 5, 1987)); *also Andrews v. Paxson*, No. 3:11-cv-518, 2012 WL 526290, at *3 (E.D. Va. Feb. 16, 2012) (finding that Plaintiff's request for declaratory relief was nothing more than an attempt to establish that the state court judge violated Plaintiff's constitutional rights through conduct taken in the judge's official capacity, not a claim for declaratory relief sought to define the "legal rights or obligations" of the parties). Therefore, the undersigned additionally **FINDS** that Brown fails to state a claim for which relief may be granted under the Declaratory Judgment Act.

Lastly, Brown seeks "relief(s) deemed appropriate," including injunctive relief. The undersigned **FINDS** that injunctive relief is not available in this case. Although Brown does not specify the kind of injunctive relief he desires, the subject matter of his pleading suggests that he wants the decisions of the state courts overturned. "[T]he Fourth Circuit has decreed that injunctive and declaratory relief are improper remedies against judicial officers where the record demonstrates that the plaintiff "is simply dissatisfied" with the judge's rulings." *See Mathis* 2013 WL 5609134, at *4 (quoting *Wilkins v. Rogers,* 581 F.2d 399, 405 (4th Cir. 1978)). Moreover, the undersigned **FINDS** that any attempt by Brown to overturn the state court judgments in this Court is prohibited by the *Rooker-Feldman* doctrine. "Under the *Rooker–Feldman* doctrine, lower federal courts lack subject matter jurisdiction to review state court judgments." *Rodriguez v. Doe*, 549 F. App'x 141, 144–45 (4th Cir. 2013) (citing *Adkins v. Rumsfeld,* 464 F.3d 456, 463 (4th Cir.2006)); *also Jonathan R. by Dixon v. Just.*, 41 F.4th 316, 340–41 (4th Cir.) (holding

that the *Rooker-Feldman* doctrine "recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction" that "does not authorize district courts to exercise appellate jurisdiction over state-court judgments.") (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005)). Brown had both the right and the opportunity to petition the Supreme Court of the United States for a writ of certiorari after the WVSC upheld the trial court's denial and dismissal of Brown's new trial motion and habeas petition. He chose not to do so. Brown cannot now disguise an appeal of the state court rulings as an independent claim of constitutional violations.

If Brown is attempting to challenge the validity of his underlying state court conviction in a collateral action, then his claims must be asserted in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. In order to successfully submit a habeas petition, Brown must avoid the gatekeeping provisions of § 2254. Of relevance here, Brown has already filed a § 2254 petition in this Court, which was resolved in May 2016, and involved the same criminal conviction as asserted in his instant pleading. *See Brown v. Ballard,* No. 3:15-cv-01197, 2016 WL 11483867, at *5 (S.D.W. Va. Jan. 13, 2016). A petition challenging the same conviction would most likely be considered second or successive. The Antiterrorism and Effective Death Penalty Act of 1996 restricts the jurisdiction of district courts to hear second or successive petitions for federal habeas corpus relief by state prisoners, providing in relevant part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Brown has not received the requisite authorization from the Fourth Circuit. Therefore, the undersigned **FINDS** that Brown cannot challenge the validity of his underlying conviction in this proceeding.

To the extent Brown seeks money damages as part of his unspecified other relief, his claim is barred by the doctrine of judicial immunity. The law is well settled that judicial officers have absolute immunity from lawsuits for money damages related to the exercise of their jurisdiction as judges. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Stephens v. Herring*, 827 F. Supp. 359, 365 (E.D. Va. 1993). This is true even if the judicial act allegedly was done maliciously, corruptly, or in bad faith, *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992) (citations omitted), and no matter "how erroneous the act may have been, and however injurious in its consequences [the judicial act] may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Cleavinger*, 474 U.S. at 499-500 (quoting *Pierson*, 386 U.S. at 553–554). "Judicial immunity is an absolute immunity: it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely." *Lemon v. Hong*, No. CV ELH-16-979, 2016 WL 3087451, at *4 (D. Md. June 2, 2016) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).

There are only two circumstances in which judicial immunity does not bar a civil action: (1) if the judge acted in the "clear absence of all jurisdiction" or (2) the judge's action was not a "judicial act." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *King*, 973 F.2d at 356-57. Under the first circumstance, "[a] distinction is drawn between acts that are performed in 'excess of jurisdiction' and those performed in the 'clear absence of all jurisdiction over the subject-matter,' with the former type of act accorded immunity." *Id*. Therefore, the question is "whether at the time [the judge] took the challenged action he had jurisdiction over the subject matter before him, and, in answering that question,

the scope of the judge's jurisdiction must be construed broadly." *Id.* at 357 (internal quotations and markings omitted).

As to the second circumstance, in determining whether the act at issue was a "judicial act," the court examines "whether the function is one normally performed by a judge, and whether the parties dealt with the judge in his or her judicial capacity." *Id.* Notably, "the absolute immunity extended to a judge performing a judicial action is not in any way diminished even if his or her exercise of authority is flawed by the commission of grave procedural errors." *Id.* Such "errors do not render the act any less judicial, nor permit a determination that the court acted in the absence of all jurisdiction." *Id.*

Brown contends that Judge Farrell violated Brown's constitutional rights by rejecting his "newly discovered evidence" in an order denying and dismissing Brown's motion and state habeas petition. (ECF No. 2 at 2-3). Brown further claims that Judge Farrell failed to comply with state law when he denied the habeas petition without including findings of fact and conclusions of the law in the court order. (*Id.*). Brown asserts that the remaining defendants violated Brown's rights by upholding on appeal the "ambiguous and obfuscating rulings" by Judge Farrell. Brown's complaint is unquestionably an attack on actions taken by the defendants in their judicial capacity and within the clear confines of their jurisdiction. Therefore, the undersigned **FINDS** that the defendants are immune from money damages based on the doctrine of judicial immunity.

## IV. Proposal and Recommendations

For the reasons set forth above, the undersigned **DENIES** Plaintiff's application to proceed *in forma pauperis*, as moot, and **RECOMMENDS** that the presiding District Judge **DISMISS** this case and **REMOVE** it from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby

**FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff.

**FILED:** April 16, 2024

Cheryl A. Eifert
United States Magistrate Judge